

Malinda Miller
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
malinda.miller@lewisbrisbois.com
Direct: 973.856.8014

November 22, 2022

**Via ECF**
Clerk of Court
U.S. District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, N.J. 08608

  Re: **E/O Iannuzzelli v. Andover Subacute & Rehabilitation**
     Civil Action No.: 3:22-cv-04473

Dear Sir or Madam:

  This firm represents Defendants, Alliance HC II LLC d/b/a Woodland Behavioral and Nursing Center f/d/b/a Andover Subacute and Rehabilitation II (i/p/a separate entities, Andover Subacute and Rehabilitation II; Woodland Behavioral and Nursing Center); Chaim Scheinbaum; Louis Schwartz.

  We are in receipt of the Court's Order dated November 8, 2022, granting Plaintiffs' motion to remand the present matter to the Superior Court of New Jersey.

  Pursuant to Federal Rule of Civil Procedure 62(a), Defendants respectfully request this Court execute an automatic thirty (30) day stay of the enforcement of the Court's Order to remand. An Order remanding a case removed from State Court pursuant to 28 U.S. Code § 1442 (Federal Officer Jurisdiction) is a "judgment" for the purposes of FRCP 62(a). See Northrop Grumman Tech. Servs. v. DynCorp Int'l LLC, 2016 U.S. Dist. LEXIS 74420, *2-6 (E.D. Va. June 7, 2016). Please allow this correspondence to serve as notice of Defendants' intention to file an appeal of the Court's November 8, 2022 Order, as well as Defendants' intention to seek a stay of these proceedings by way of a more formal motion. FRCP 62(a) provides that "execution of a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Under Federal Rule 52(a), a "judgment" is defined as "a decree and any order from which an appeal lies." "[A]n order remanding a case to the State court from which it was removed pursuant to section 1442 [Federal Officer Jurisdiction] or 1443" is reviewable by appeal. 28 U.S.C. § 1447(d). Moreover, pursuant to the Supreme Court's recent decision in BP P.L.C. v. Mayor and City of Baltimore, 141 S. Ct. 1532, 1533 (2021), the entirety of the Court's remand

November 22, 2022
Page 2

order is reviewable on appeal since removal was premised, in part, on federal officer removal.

    When a remand order is subject to appellate review, the Court retains jurisdiction to recall or modify its remand order, including consideration of a motion to stay. Therefore, since removal was based, in part, on federal officer removal, and the remand order is thus appealable under 28 U.S.C. § 1447(d), this Court retains jurisdiction to act on a stay application **even if** it has sent the remand order to state court. See, e.g., In re Digicon Marine, Inc., 966 F.2d 158, 161 (5th Cir. 1992).

    In light of the foregoing, Defendants additionally respectfully request that this Court refrain from mailing a "certified copy of the order of remand…by the clerk to the clerk of the State court" for final execution of the Federal Court's divestment of jurisdiction so as to permit Defendants' the appropriate time to pursue their rights to appeal. See Arnold v. Garlock, Inc., 278 F.3d 426, 438 (5th Cir. 2001); 28 U. S. Code § 1447(c).

    We thank the Court for its time and attention to this matter. Should you have any questions or concerns, do not hesitate to contact my office.

Respectfully submitted,

/s/ Malinda Miller

Malinda Miller of
LEWIS BRISBOIS BISGAARD & SMITH LLP